IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES D.J. BARNES,

    Plaintiff,

vs.                                                                      No. 1:20-cv-1170 KWR-GBW

NEW MEXICO DISTRICT COURT,
EDDY COUNTY DETENTION CENTER, and
NEW MEXICO CORRECTIONS DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Charles D.J. Barnes' Prisoner Civil Rights Complaint (Doc. 1). Also before the Court is his motion to proceed *in forma pauperis* (Doc. 2) (IFP Motion). Plaintiff appears to allege New Mexico's Fifth Judicial District Court (State Court) improperly dismissed his habeas petition and that Chief U.S. District Judge William Johnson acted "fraudulently" in Plaintiff's federal proceeding. Having reviewed the matter *sua sponte*, the Court will grant the IFP Motion but dismiss the Complaint with prejudice.

## BACKGROUND

Plaintiff is incarcerated at the Northeast New Mexico Detention Facility. (Doc. 1 at 1). The Complaint, which is difficult to discern and sometimes illegible, primarily appears to raise claims based on the State Court's dismissal of Plaintiff's habeas/post-conviction motions. *Id*. The Complaint attaches a copy of a State Court dismissal order along with a portion of the docket sheet highlighting dismissal orders and state judge recusals. *Id.* at 13-14. The Complaint purports to raise three separate claims for relief. Claim I consists of a list of statutes, such as bankruptcy and criminal codes, along with New Mexico rules of procedure that have no applicability in a civil

rights action. *Id.* at 2. Claim II lists the name of a Defendant, Eddy County Detention Center (ECDC), along with more New Mexico rules of civil procedure. *Id.* at 3. Claim II also alleges: "Rules were broken concerning the following case that caused an involuntary dismissal, but court never respected remedies after dismissals and order of habeas corpus." *Id.* at 3. It is unclear what case Plaintiff is referring to, as there is no case information listed below that statement. *Id.* Claim III consists of one phrase, which states: "Same charge for New Mexico Department of Corrections [NMDOC] for abuse etc." *Id.* at 4.

The Complaint names ECDC, NMDOC, and the "New Mexico District Court" as Defendants. (Doc. 1 at 1). Plaintiff's reference to the New Mexico District Court appears to pertain to both the State Court, which dismissed his habeas proceeding, and the Federal Court. The only concrete allegation of wrongdoing by the Federal Court appears in an attachment to the Complaint titled "Motion of Contempt of Court Officials." *Id.* at 12. Plaintiff alleges that in Case No. 03-cr-188 WJ, the presiding judge (Chief Judge Johnson) "performed acts of fraudulent concealment." *Id.* at 12. The Court discerns that Plaintiff intends to sue ECDC, NMDOC, the State Court, and Judge Johnson, as Chief Judge of the Federal District Court.

In the prayer for relief, Plaintiff seeks "[a writ of] habeas corpus; [a] directed verdict of dismissal; performance of evidentiary hearing; [and] disclosures of demand." (Doc. 1 at 5). The Court would ordinarily construe the Complaint as a habeas petition, based on that requested relief. Elsewhere, however, Plaintiff clarifies: "This is a civil complaint." *Id.* at 2. Based on that clarification and Plaintiff's use of the form 42 U.S.C. § 1983 complaint, the Court will construe this matter as a prisoner civil rights action under § 1983. Such construction does not foreclose Plaintiff's ability to file a 28 U.S.C. § 2254 action, if he wishes to formally pursue habeas relief.

Plaintiff filed an IFP Motion along with the Complaint, which reflects he cannot afford to prepay the filing fee. The Court will grant the IFP Motion (Doc. 2) and screen the Complaint pursuant 28 U.S.C. § 1915(e).

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints filed while an individual is incarcerated. *See* 28 U.S.C. § 1915(e). The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). To survive initial review, the complaint must contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## DISCUSSION

The crux of the Complaint is that the State Court improperly dismissed Plaintiff's habeas petition, and Chief Judge Johnson acted "fraudulently" in Plaintiff's federal case. The Complaint does not survive initial review, for several reasons. As an initial matter, the pleading violates Fed. R. Civ. P. 8(a), which requires a short and plain statement of the grounds for relief. Instead of describing discrete instances of wrongdoing, the Complaint primarily cites to various irrelevant state rules, federal statutes, and cases. Allowing such Complaint to survive screening would "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young,* 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012). *See also Baker v. City of Loveland,* 2017 WL 1485006, * 1 (10th Cir. April 26, 2017) (complaint violates Rule 8 if it "lacks clarity about what each defendant allegedly did to incur liability"); *Pola v. Utah,* 2012 WL 292272, * 1 (10th Cir. Feb. 1, 2012) (affirming dismissal of complaint that "included everything but the kitchen sink"). The Complaint is therefore subject to dismissal for failure to comply with Rule 8(a). *See Fontana v. Pearson*, 772 F. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice").

Alternatively, to the extent some claims are discernable, the Complaint also fails to state a cognizable claim under 42 U.S.C. § 1983. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). It is well settled that NMDOC and detention centers such as ECDC are not "persons" subject to suit under § 1983. *See Blackburn v. Department of Corrections,* 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished) ("New Mexico Department of

4

Corrections is not a person subject to suit under § 1983"); *Buchanan v. Okla*., 398 Fed. App'x 339, 342 (10th Cir. 2010) (unpublished) ("State-operated detention facilities …. are not 'persons' … under § 1983").  The Complaint also fails to describe how NMDOC or ECDC took part in any wrongdoing, as the allegations are directed at improper court rulings.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998) (A § 1983 plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution).

With respect to the allegations against Chief Judge Johnson, he is immune from suit based on actions taken in his judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly."  *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).  The only exception is when a judge "acts clearly without any colorable claim of jurisdiction."  *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990).  Chief Judge Johnson clearly had jurisdiction over Case No. 05-cr-188, in which Plaintiff was convicted of possessing a firearm as a felon (18 U.S.C. §§ 922(g)(1) and 924(a)(2)).  Plaintiff therefore cannot sue Chief Judge Johnson.  To the extent Plaintiff intends to sue the State and Federal Courts, those institutions are similarly immune from suit.  Some cases rely on an extension of judicial immunity, some rely on sovereign immunity, and some hold that courts do not qualify as a person under § 1983.  *See, e.g., Bernstein v. New York,* 591 F.Supp.2d 448, 462 (S.D.N.Y.2008) (judicial immunity extends to all judicial officers, as well as "the institution of the court itself"); *Muhammad v. U.S. Atty. Gen.*, 2010 WL 2640455, at *2 (W.D. Mich. May 27, 2010) (The "Court itself is immune under the Eleventh Amendment"); *Morrison v. Orangeburg Cty. Court House*, 2013 WL 6157929, at *2 (D.S.C. Nov. 22, 2013) (Court is not a person as defined by 1983).  Plaintiff therefore cannot sue a court based on a prior adverse ruling.

5

Based on the foregoing, the Court will dismiss the Complaint for failure to conform to Rule 8(a) and for failure to state a cognizable claim against any Defendant under Rule 12(b)(6).  *Pro se* prisoners are often given an opportunity to remedy defects in their pleadings.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts need not *sua sponte* invite an amendment when any amended complaint would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6).  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  An amendment would clearly be futile here because, as a matter of law, Plaintiff cannot sue the parties who dismissed his prior cases.  The Court also cannot modify a state sentence in a Section 1983 action.  Challenges to a state sentence must be brought in a 28 U.S.C. § 2254 habeas proceeding.  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice.

To clarify, this ruling only applies to Plaintiff's civil rights claims against the Defendants and does not bar him from seeking habeas relief.  Plaintiff should file a habeas petition under 28 U.S.C. § 2254, if he believes his detention is unconstitutional and/or the State Court improperly rejected his habeas claims.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Prisoner Civil Rights Complaint (**Doc. 1**) is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e) for failure to comply with Rule 8(a) and failure to state a cognizable claim under Rule 12(b)(6).

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**